IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRIAN T. ESPRITT, | ) | No. C 03-3675 MMC (PR) |
|     Petitioner, | ) ) | **ORDER GRANTING MOTIONS FOR EXTENSIONS OF TIME;** |
| v. | ) ) | **DENYING MOTION FOR RECONSIDERATION AND** |
| A.K. SCRIBNER, Warden, | ) ) | **REQUEST FOR CERTIFICATE OF APPEALABILITY** |
|     Respondent. | ) ) | (Docket Nos. 32, 33, 35 and 37) |

Petitioner, a California prisoner proceeding pro se, filed the above-entitled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was denied on its merits.

Petitioner has filed a motion for "rehearing," which the Court construes as a motion for reconsideration.[1] Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); <u>School Dist. 1J v. ACandS Inc.</u>, 5 F.3d 1255, 1263 (9th Cir.1993). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. <u>See</u>

---

[1] Petioner's motion for an extension of time in which to file said motion is GRANTED.

1

1 Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

2 Petitioner does not indicate the provision of Rule 60(b) under which reconsideration is warranted. Petitioner alleges no new evidence that could not have been discovered with due diligence, no mistake, inadvertence, surprise or excusable neglect, no fraud by the adverse party, and no voiding of the judgment. Petitioner has not provided any other reason justifying relief. Rather, petitioner simply reiterates arguments made in the petition and traverse, and attacks the Court's analysis of those arguments. Motions for reconsideration are not a substitute for appeal or a means of attacking some perceived error of the court. See id. Petitioner has not set forth a valid basis for reconsideration. Accordingly, the motion for reconsideration is DENIED.

Petitioner has filed a request for a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b). Petitioner has not shown "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000). Accordingly, the request for a certificate of appealability is DENIED.[2]

The Clerk shall forward this order, along with the case file, to the United States Court of Appeals for the Ninth Circuit, from which petitioner also may seek a certificate of appealability. See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997).

This order terminates Docket Nos. 32, 33, 35 and 37.

IT IS SO ORDERED.

DATED: March 16, 2006

_____
MAXINE M. CHESNEY
United States District Judge

---

[2] Petitioner's motion for an extension of time in which to file his notice of appeal and request for certificate of appealability is GRANTED.